UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19-cr-00147 |
| Plaintiff, | ) ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| SHONDELL MACK, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) | (Resolving Doc. 813) |

This matter is before the Court on the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 813) (the "Motion") filed by Defendant Shondell Mack ("Mack"). The United States of America did not file a response.

For the reasons stated below, the Motion is DENIED.

I.      BACKGROUND

A federal grand jury charged Mack with conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and § 846 (Count One) and use of a communication facility in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 843(b) (Count 28). Doc. 1. Pursuant to a plea agreement, Mack pled guilty as to both counts. Doc. 241.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 500. The PSI indicated Mack had a total offense level of 19 (after a three-level reduction for acceptance of responsibility) and a criminal history category of V, therefore the advisory guideline range was 57–71 months. Doc.

500 at p. 21, ¶ 85.  The Court ultimately varied up and sentenced Mack to a term of 96 months' imprisonment. Doc. 510.

After Mack's sentencing, the United States Sentencing Commission issued Amendment 821.  It is undisputed that Mack's criminal history points would be lower under the Amendment, resulting in a reduced advisory guideline range of 46–57 months. Mack now seeks retroactive application of Amendment 821 to reduce his sentence to 82 months.

## II.    LAW AND ANALYSIS

### A.  Legal Standard

A defendant who has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment.  18 U.S.C. § 3582(c)(2).  The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825").  The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment.  *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement").  *Id.*  Relevant in this case, the Policy Statement applies to Amendment 821.  *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case.  *Jones*, 980 F.3d at 1107.  The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law,

provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Mack asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, the advisory range is lowered to 46–57 months as opposed to the 57–71 months used at the time of sentencing. Doc. 813 at p. 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Mack's total criminal history points were ten (10). Doc. 500 at p. 16, ¶ 58. Eight (8) of those points were the result of previous criminal convictions pursuant to U.S.S.G. §§ 4A1.1(b) and (c). Doc. 500 at pp. 11–15, ¶¶ 43–53. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed while Mack was on probation for state convictions. Doc. 500 at p. 16, ¶ 55. Mack now

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

3

argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would only receive one additional criminal history point due to the offenses taking place while he was on probation, therefore his total criminal history points would be nine (9) under the new calculation. Doc. 813 at p. 3. The Court finds that Amendment 821 affects Mack's criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Mack's case. *See Jones*, 980 F.3d at 1107. This is due to the nature of the offenses, his criminal history and characteristics, and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2). During the underlying offenses, Mack engaged in a large drug trafficking ring that involved harmful substances such as heroin, fentanyl, and crack cocaine. Doc. 500 at p. 6, ¶ 2. Additionally, he has a lengthy criminal history and a record of continued return to illegal activity either while on probation for prior charges, or shortly after completion of a sentence. He has shown a propensity for violence, with three domestic violence convictions. Doc. 500 at pp. 11–15, ¶¶ 43, 48, 53. Mack's record also reflects numerous drug-related crimes similar to the underlying offenses. Doc. 500 at pp. 11–15, ¶¶ 44, 49, 50, 52. This pattern indicates that he has yet to be deterred from returning to dangerous criminal activity and violence. At the time of sentencing, the Court considered these factors and determined that a 96-month sentence reflected the seriousness of the offenses, promoted respect for the law, afforded adequate deterrence, and protected the public. Doc. 511; *See also* 18 U.S.C. § 3553(a)(2).

The Court recognizes and commends Mack for the personal improvements he has made while incarcerated. Doc. 813 at pp. 3–4. However, given the facts and after consideration of the need for the sentence imposed, the Court finds a reduction to Mack's 96-month sentence is not

warranted. The Court's imposition of the sentence was sufficient but not greater than necessary, and if sentenced today with a one-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

### III. CONCLUSION

For the reasons stated above, the *Unopposed Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 813) is DENIED.

Date: August 2, 2024

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE